1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    NCWC Incorporated,                          No. CV-20-01588-PHX-DWL

10                  Plaintiff,                    **ORDER**

11   v.

12   CarGuard Administration Incorporated,

13                  Defendant.

14

15          Recently, the Court denied a motion for summary judgment filed by Defendant

16   CarGuard Administration, Inc. ("CarGuard").   Now pending before the Court is

17   CarGuard's motion for summary adjudication under Rule 56(g).  (Doc. 96.)  Plaintiff

18   N.C.W.C. Inc. ("NCWC") opposes the motion (Doc. 97) and CarGuard did not file a reply

19   or request oral argument.  For the following reasons, the motion is denied.

20                              **RELEVANT BACKGROUND**

21          The background details of this case are set out in the summary judgment order (Doc.

22   94), so only a brief recap is necessary here.

23          NCWC and CarGuard both operate in the aftermarket extended vehicle warranty

24   industry.  (*Id.* at 1.)  In September 2018, NCWC entered into a contract with non-party

25   Peace of Mind, Inc. ("POM") under which POM agreed to market and sell NCWC's

26   warranties.  (*Id.*)  This contract contained an exclusivity provision that forbade POM from

27   promoting other companies' warranties.  (*Id.*)  Despite this provision, POM entered into a

28   separate contract with CarGuard in June 2019 under which POM agreed to market and sell

1   CarGuard's warranties.  (*Id.*)  After NCWC became aware that POM was working for

2   CarGuard, it brought two lawsuits.  (*Id.*)  First, in an action in the District of New Jersey

3   (which has since been resolved via settlement), NCWC sued POM for, *inter alia*, breach

4   of the exclusivity provision in the parties' contract.  (*Id.*)  Second, in this action, NCWC

5   asserts a pair of tortious interference claims against CarGuard.  (*Id.*)  One focuses on

6   CarGuard's interference with NCWC's contract with POM while the other focuses on

7   CarGuard's efforts "to encourage NCWC's customers to terminate, cancel or lapse their

8   vehicle service contracts with NCWC and instead purchase similar contracts sold by

9   [CarGuard]."  (*Id*. at 6.)

10          In April 2022, CarGuard filed a motion for summary judgment. (Doc. 82.)  Among

11  other things, CarGuard argued there was insufficient evidence of knowledge and intent to

12  support either tortious interference claim because it "was wholly unaware of the

13  Exclusivity Provision when POM allegedly breached the [NCWC] Contract by agreeing to

14  sell CarGuard's products and therefore could not have intentionally interfered with a

15  contractual provision for which it had no knowledge."  (*Id.* at 8.)  CarGuard argued it did

16  not become aware of the exclusivity provision until it was served with the complaint in this

17  action in August 2020, which was too late because the relevant timeframe is knowledge

18  "*at the time that POM's breach was allegedly induced*."  (*Id.* at 10.)

19          In response, NCWC identified various reasons why a reasonable juror could

20  conclude that CarGuard had the requisite knowledge and intent.  (Doc. 87 at 11-13.)  For

21  example, NCWC argued that it had direct evidence—in the form of statements by James

22  Gutierrez and Erica Walters—that CarGuard's CEO, Trevor Smith, had admitted being

23  aware of the exclusivity provision.  (*Id.* at 5-6.)  Alternatively, NCWC proffered evidence

24  that "CarGuard operates in a small and interrelated industry in which the non-compete was

25  common knowledge."  (*Id.* at 12.)  Further alternatively, NCWC argued that even assuming

26  CarGuard did not become aware of the exclusivity provision until being served with this

27  lawsuit, such knowledge would be sufficient to support liability because CarGuard

28  continued engaging in the challenged conduct afterward.  (*Id.* at 12-13.)

On October 19, 2022, the Court issued an order denying CarGuard's summary judgment motion.  (Doc. 94.)  As relevant here, the Court concluded that "even if NCWC were unable to establish at trial that CarGuard possessed the requisite knowledge and intent *before* August 2020, this would at most reduce (but not eliminate) the potential damages associated with NCWC's intentional interference claim in Count II.  Accordingly, CarGuard is not entitled to summary judgment based on its challenge to the sufficiency of NCWC's knowledge and intent evidence."  (*Id.* at 11.)  In a footnote, the Court observed that it was "skeptical that NCWC made the required showing as to the statements by Gutierrez and Walters" because "NCWC simply referred to the Gutierrez and Walters statements without even acknowledging the hearsay problem posed by those statements, let alone explaining how it would overcome the hearsay problem at trial.  Nevertheless, because summary judgment is being denied on other grounds, the issue is moot."  (*Id.* at 12 n.5.)  Similarly, as for NCWC's argument regarding industry knowledge, the Court stated that although existing case law "suggests that NCWC's evidence of 'industry knowledge' would alone be insufficient to establish that CarGuard had sufficient knowledge of the exclusivity provision in the NCWC-POM contract before August 2020 . . . it is unnecessary to resolve that issue here because summary judgment is being denied on other grounds."  (*Id.* at 12 n.6.)

## DISCUSSION

I.      <u>Legal Standard</u>

Rule 56(g) of the Federal Rules of Civil Procedure provides that "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case."

The decision whether to grant relief under Rule 56(g) is discretionary.  *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) ("Because Rule 56(g) speaks of what a court 'may' do, we review for an abuse of discretion.").  *See also Obremski v. Armor Corr. Health Servs., Inc.*, 467 F. Supp. 3d 1265, 1284-85 (S.D. Fla.

1  2020) ("Rule 56(g) unambiguously permits, *but does not require*, the Court to enter

2  judgment on discrete factual questions."); 2 Steven S. Gensler, Federal Rules of Civil

3  Procedure, Rules and Commentary, Rule 56, at 201 (2022) ("[T]he decision whether to

4  enter an order establishing facts is left to the district court's discretion.  No party has a

5  procedural entitlement to have facts established by order.").  The advisory committee note

6  to the 2010 amendment to Rule 56 explains that "[e]ven if the court believes that a fact is

7  not genuinely in dispute it may refrain from ordering that the fact be treated as established

8  [under Rule 56(g)].  The court may conclude that it is better to leave open for trial facts

9  and issues that may be better illuminated by the trial of related facts that must be tried in

10  any event."

11  II.    The Parties' Arguments

12         CarGuard seeks summary adjudication on whether it had pre-August 2020

13  knowledge of the exclusivity provision in the NCWC/POM contract.  (Doc. 96.)  In a

14  nutshell, CarGuard argues that summary adjudication is appropriate because (1) the issue

15  was fully briefed in the parties' summary judgment briefing, (2) the Court already

16  expressed skepticism toward the sufficiency of NCWC's proffered evidence regarding pre-

17  August 2020 knowledge, and (3) "[a]djudication of CarGuard's lack of pre-suit knowledge

18  would significantly narrow the issues of matters to be presented at trial."  (*Id.*)

19         NCWC opposes CarGuard's motion.  (Doc. 97.)  First, NCWC argues the motion is

20  procedurally inappropriate because it was filed after the dispositive-motion deadline in the

21  scheduling order and in violation of the scheduling order's prohibition against filing more

22  than one dispositive motion.  (*Id.* at 3.)  Second, NCWC argues the motion should be denied

23  on the merits because "this Court has already held that issues of fact preclude summary

24  judgment" and CarGuard is simply (and improperly) seeking reconsideration of that ruling.

25  (*Id.* at 4-5.)

26  III.   Analysis

27         CarGuard's request for summary adjudication is denied.  As an initial matter, the

28  Court tends to agree with NCWC's procedural objections to the motion.  Under the

1    scheduling order, dispositive motions were due by April 19, 2022 and "[n]o party shall file

2    more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil

3    Procedure without leave of the Court."  (Docs. 16, 30.)  Thus, to the extent CarGuard

4    wished to obtain summary adjudication of certain facts as an alternative to its across-the-

5    board request for summary judgment, it should have made a request to that effect in the

6    dispositive motion it filed on the April 19, 2022 deadline (as opposed to waiting until that

7    motion was denied before filing a second Rule 56 motion).  *See, e.g.*, *Roberts v.*

8    *Chesapeake Operating, Inc.*, 426 F. Supp. 2d 1203, 1210 (D. Kan. 2006) ("This rule [Rule

9    56(g)] does not authorize an independent motion to establish certain facts as true but merely

10   serves to salvage some constructive result from the judicial effort expended in denying a

11   proper summary judgment motion.") (citation omitted).  *Cf. Kreg Therapeutics*, 919 F.3d

12   at 416 (although "Rule 56(g) does not say that the district court must issue its order

13   contemporaneously with its summary-judgment decision," the "best practice[]" is to do

14   so).

15         More important, the Court would exercise its discretion to deny the motion on the

16   merits even if it weren't procedurally improper.  It seems possible (notwithstanding

17   NCWC's failure to address the issue in its summary judgment briefing) that NCWC will

18   be able to introduce evidence of Smith's purported admissions to Gutierrez and Walters in

19   an admissible, non-hearsay form at trial.  Accordingly, this is a situation where "it is better

20   to leave open for trial facts and issues that may be better illuminated by the trial of related

21   facts that must be tried in any event."  *See* Fed. R. Civ. P. 56, advisory committee note to

22   2010 amendment.

23         …

24         …

25         …

26         …

27         …

28         …

1   Accordingly,

2   **IT IS ORDERED** that CarGuard's motion for summary adjudication (Doc. 96) is

3   **denied**.

4   Dated this 13th day of December, 2022.

5

6

7   _____
    Dominic W. Lanza

8   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -